**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MISC. ACTION NO. 12-00013-KD-M** |
| | ) | |
| **CHARLES A. SALTER,** | ) | |
| Respondent. | ) | |

**ORDER**

The matter came before the Court on this date for a show cause hearing regarding the Government's "Petition to Enforce Internal Revenue Service Summons" and memorandum in support. (Docs. 1, 2). The hearing was attended by counsel for the Government, Charles Baer; Respondent Salter failed to appear at the designated time for the hearing (noon) but appeared later and as such, the hearing was reconvened.

Due to Respondent Salter's failure to appear at the designated time for the hearing, the Court initially found him to be in contempt of court[1] and ordered the issuance of a warrant to enable the U.S. Marshal to arrest Respondent Salter and to keep him incarcerated until such time as he complies with the Court's Orders. *See* 26 U.S.C. § 7604(b); Commodity Futures Trading Commission v. Wellington Precious Metals, Inc., 950 F.2d 1525, 1530 (11th Cir. 1992) United States v. Money, 744 F.2d 779, 780-781 (11th Cir. 1984).

However, due to Respondent Salter's subsequent appearance, the hearing was reconvened. Pursuant to the filing of the Declaration of Revenue Officer Ditto (Doc. 2-1 (Aff.

---

[1] The district court has the inherent power to enforce compliance with its lawful orders through civil contempt. Shillitani v. United States, 384 U.S. 364, 370 (1966); United States v. Barnette, 129 F.3d 1179, 1182 n. 7 (11th Cir. 1997); Mercer v. Mitchell, 908 F.2d 763, 766-767 (11th Cir. 1990). *Accord* Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1304 (11th Cir. 1991).

1

Ditto)), the Petitioner made a prima facie showing that: 1) the investigation is being conducted for a legitimate purpose; 2) the inquiries may be relevant to that purpose; 3) the information sought is not already within the Commissioner's possession; and 4) the administrative steps required by the Internal Revenue Code have been substantially followed. See, e.g., U.S. v. Morse, 532 F.3d 1130, 1132 (11th Cir. 2008).   Thus, the burden shifted to Respondent Salter to oppose enforcement of the summons.   Id.   The Respondent has not met this burden.   In fact, in response to the Petition, Respondent Salter does not object to, or oppose, the enforcement of the summons.

Additionally, the Court is satisfied that Respondent Salter has shown good cause for his failure to appear at the July 12, 2012 hearing, explaining that he moved from the Mobile, Alabama address of record and did not receive notice of the proceeding.

Accordingly, it is **ORDERED** that the Court's contempt finding is **VACATED** and the previously issued arrest warrant is **REVOKED.**

Moreover, upon consideration, the Court finds that the Petitioner is entitled to the requested relief such that pursuant to 26 U.S.C. § 7604, it is **ORDERED** that the Petition to Enforce IRS Summons is **GRANTED** and **ENFORCED** such that Respondent Charles A. Salter shall appear in person **IMMEDIATELY** before IRS Revenue Officer Ditto, or any other officer designed by the IRS, at a location designated by the Petitioner, at which time he shall comply fully with the Summons and produce books, papers, records, or other requested information, or give testimony in accordance with the Summons.

The Court retains jurisdiction over this matter for the purpose of enforcing its Orders and imposing appropriate sanctions against Respondent Salter if he fails to comply with the terms of

2

this Order.

**DONE** and **ORDERED** this the **27**[th] day of **August 2012.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

3